**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| MARVIN DOVBERG, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ERMI LLC,<br><br>Defendant. | Case No. 1:26-cv-03092-MHC |
| STEVEN ODONNELL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ERMI, LLC,<br><br>Defendant. | Case No. 1:26-cv-03111-MHC |

| | |
|---|---|
| SHAIL RAFIQ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ERMI, LLC,<br><br>Defendant. | Case No. 1:26-cv-03120-MHC |
| ADAM WILKIE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ERMI, LLC,<br><br>Defendant. | Case No. 1:26-cv-03134-MHC |
| MARTIN JARMULOWICZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ERMI LLC,<br><br>Defendant. | Case No. 1:26-cv-03144-MHC |

| | |
|---|---|
| CHELSEA CANTU and JAYNE PARKS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ERMI LLC,<br><br>Defendant. | Case No. 1:26-cv-03158-MHC |
| EDWARD GARR, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ERMI, LLC,<br><br>Defendant. | Case No. 1:26-cv-03173-MHC |

**PLAINTIFFS' MOTION TO CONSOLIDATE RELATED ACTIONS AND TO SET BRIEFING SCHEDULE FOR INTERIM CLASS COUNSEL APPLICATIONS WITH INCORPORATED MEMORANDUM OF LAW**

Plaintiffs Marvin Dovberg, Steven ODonnell, Shail Rafiq, Adam Wilkie, Martin Jarmulowicz, Chelsea Cantu, Jayne Parks, and Edward Garr (collectively "Plaintiffs"), individually, and on behalf of all others similarly situated, respectfully request the Court: (1) pursuant to Fed. R. Civ. P. 42(a), consolidate the

above-captioned cases, as well as any related future actions filed or transferred to this Court against Defendant ERMI, LLC ("ERMI"); (2) require the filing of any motions for appointment of interim class counsel within 7 days of an order consolidating the Related Actions; (3) stay the Related Actions (defined below) as to pleading and other deadlines; and (4) require the filing of a consolidated complaint within 45 days of entry of an order consolidating the cases.

## I. <u>BACKGROUND</u>

Seven putative class actions ("Related Actions") have been filed in this Court related to a data breach (the "Data Breach") against ERMI, a medical billing practice with its principal place of business in Georgia. The seven Related Actions filed to date are:

1. *Dovberg v. ERMI LLC*, No. 1:26-cv-03092-MHC (filed on June 2, 2026, by the law firms of Berman Fink Van Horn P.C. and Cole & Van Note);

2. *ODonnell v. ERMI, LLC*, No. 1:26-cv-03111-MHC (filed on June 3, 2026, by the law firms of Alonso & Wirth and Dapeer Law, P.A.);

3. *Rafiq v. ERMI, LLC*, No. 1:26-cv-03120-MHC (filed on June 3, 2026, by the law firms of Barnes Law Group, LLC and Federman & Sherwood);

4. *Wilkie v. ERMI LLC*, No. 1:26-cv-03134-MHC (filed on June 4, 2026, by the law firms of Milberg, PLLC and Shamis & Gentile, P.A.);

5. *Jarmulowicz v. ERMI LLC*, No. 1:26-cv-03144-MHC (filed on June 4, 2026, by the law firms of Herman Jones, LLP and Levi & Korsinsky, LLP);

6. *Cantu, et al. v. ERMI, LLC*, No. 1:26-cv-03158-MHC (filed on June 5, 2026, by the law firm of Bryson Harris Suciu & Demay, PLLC); and

7. *Garr v. ERMI, LLC*, No. 1:26-cv-03173-MHC (filed on June 5, 2026, by the law firms of Milberg, PLLC and Kopelowitz Ostrow P.A.).

The Data Breach impacts at least thousands of individuals, including Plaintiffs, and resulted in the exfiltration of highly sensitive information including but not limited to names, addresses, Social Security numbers, medical information, health insurance information, dates of birth, driver's license numbers, Veteran identification numbers, passport numbers, usernames and passwords, email addresses with passwords and security questions, taxpayer/employer identification numbers, financial account information, and payment card information (collectively "Private Information").

For the reasons set forth below, Plaintiffs respectfully request that the Court consolidate these related cases pursuant to FED. R. CIV. P. 42(a).

Plaintiffs will serve a copy of the Motion and accompanying materials on Defendant's Counsel in accordance with the Federal Rules of Civil Procedure and notify the Court accordingly.

## II. ARGUMENT

### A. The Related Actions Should Be Consolidated

Due to the overwhelming similarity of the Related Actions, consolidation is warranted. Rule 42(a) of the Federal Rules of Civil Procedure provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to

avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

"The district court's decision under Rule 42(a) is purely discretionary." *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985). "[A]mple precedent supports the Court's authority to consolidate sua sponte." *Mancuso v. Equifax Info. Serv., LLC*, No. 1:23-cv-02443, 2023 WL 8825305, at *1 (N.D. Ga. Nov. 14, 2023) (quoting *Doherty-Heinze v. Chrisley*, No. 3:22-cv-172, 2023 WL 2373498, at *5 (N.D. Ga. Jan. 9, 2023)).

Rule 42(a) "codifies a district court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995). As such, "[j]udges have been 'urged' by the Eleventh Circuit to 'make good use of Rule 42(a)' to expedite cases and 'eliminate unnecessary repetition and confusion.'" *Mancuso*, 2023 WL 8825305, at *1 (citation omitted).

In determining whether to consolidate cases, courts should consider whether the cases share common factual and legal issues, risks of prejudice, and the burden on the parties, witnesses, and judicial resources. *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (finding consolidation reasonable where multiple cases shared common questions of law and fact). Each Related Action arises from the same common set of operative facts—the Data

Breach. Due to each Plaintiffs' reliance on the same operative facts, Plaintiffs assert overlapping claims, on behalf of similarly defined classes, seeking similar relief.

The Related Actions allege that Plaintiffs and Class Members suffered harm because their sensitive Private Information was exposed to third parties without their authorization. Indeed, the legal claims asserted by each plaintiff are nearly identical, such that Plaintiffs' claims will rise or fall together. As such, common questions of law pervade these cases, and no party would be prejudiced by consolidation. *See, e.g., Kaplan v. 21st Century Oncology Holdings*, No. 2:16-cv-210, 2016 WL 9383330, at *2 (M.D. Fla. July 21, 2016) (consolidating data breach cases where: (i) "common questions of law and fact permeate[d] the[] cases"; (ii) all of the cases arose from the same alleged data breach; (iii) all of the cases were class actions with class allegations; (iv) all of the cases shared at least one similar substantive claim – negligence; and (v) the cases were filed against a common defendant).

The Related Actions, the parties thereto, and the Court will be best served by a consolidated proceeding. Granting consolidation will simplify discovery, pretrial motions, class certification proceedings, and other case management issues, especially given that the cases are at their procedural inception. Absent consolidation, it is possible multiple overlapping classes could be certified which may lead to Defendant being responsible for more than one judgment for the same

class. It will also avoid delay, duplicative litigation efforts, and the risk of inconsistent rulings, without prejudicing any party. *See Preston v. CSX Transportation, Inc.*, Nos. 1:17-cv-04215; 1:17-cv-02861, 2018 WL 11348584, at *9 (N.D. Ga. Nov. 20, 2018) (finding consolidation was warranted and would achieve "expeditious results and [conserve] resources" where "the cases sufficiently share similar claims, overlapping parties, and similar discovery").

As such, Plaintiffs respectfully request that the Court consolidate the Related Actions, as has been done in this District in other cases involving data breaches. *See, e.g., Bedont v. Horizon Actuarial Services, LLC*, No. 1:22-cv-1565, 2022 WL 3702217, at *2 (N.D. Ga. May 12, 2022) (consolidating several data breach class actions because the complaints generally alleged similar causes of action); *Russell v. Arby's Restaurant Gp., Inc.*, Nos. 1:17-cv-01035; 1:17-cv-01529 (N.D. Ga. 2017) (consolidating consumer data breach cases arising from the same data breach).

In addition, to ensure continued judicial efficiency, Plaintiffs also respectfully submit that the Court should order that any future actions that are filed or transferred to this Court based on the same or similar facts and circumstances be consolidated with the Related Actions. *See Troy Stacy Enterprises Inc. v. Cincinnati Ins. Co.*, 337 F.R.D. 405, 411 (S.D. Ohio 2021) ("All related actions that are subsequently filed in, or transferred to, this District shall be consolidated into this action.").

**B. The Court Should Set a Schedule for Filing a Consolidated Complaint**

Plaintiffs propose an expeditious and efficient schedule for the Consolidated Action. Specifically, they propose motions for appointment of interim class counsel to be filed within 7 days of an order consolidating the Related Actions, and filing an operative, Consolidated Class Action Complaint within 45 days from the date on which the Court appoints interim class counsel. ERMI would be relieved from responding to the initial complaints filed in the seven Related Actions in the interim.

## III. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully ask the Court to grant their motion and enter an order to consolidate the above-captioned Related Actions pursuant to FED. R. CIV. P. 42(a) under the caption "*In re ERMI, LLC Data Breach Litigation*."

Dated: June 22, 2026

Respectfully submitted,

*/s/: Casondra Turner*
Casondra Turner
(GA S.B. #418426)
**MILBERG, PLLC**
260 Peachtree Street NW, Suite 2200
Atlanta, GA 30303
Tel: (771) 772-3086
cturner@milberg.com

*Counsel for Plaintiffs Wilkie and Garr*

Charles H. Van Horn, Esq.
(GA S.B. #724710)
**BERMAN FINK VAN HORN P.C.**
3475 Piedmont Road, Suite 1640
Atlanta, Georgia 30305
Tel: (404) 261-7711
cvanhorn@bfvlaw.com

Scott Edward Cole, Esq. *
Laura Van Note, Esq.*
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
Tel: (510) 891-9800
sec@colevannote.com
lvn@colevannote.com

*Counsel for Plaintiff Dovberg*

Joseph B. Alonso, Esq.
(GA S.B. #013627)
Daniel H. Wirth
(GA S.B. #873443)
**ALONSO & WIRTH**
1708 Peachtree Street, NW, Suite 303
Atlanta, GA 30309
Tel: (678) 928-4472
jalonso@alonsowirth.com
dwirth@alonsowirth.com

Rachel Dapeer, Esq.*
**DAPEER LAW, P.A.**
520 South Dixie Hwy, # 240
Hallandale Beach, FL 33009
Tel: 954-799-5914
Email: rachel@dapeer.com

*Counsel for Plaintiff ODonnell*

Kristen Tullos Oliver

(GA S.B. #941093)
**BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, GA 30060
Tel: 770-227-6375
ktullos@barneslawgroup.com

William B. Federman*
Jonathan Herrera*
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
Tel: (405) 235-1560
wbf@federmanlaw.com
jjh@federmanlaw.com

*Counsel for Plaintiff Rafiq*

Leanna Loginov*
**SHAMIS & GENTILE, P.A.**
14 NE 1st Ave, Suite 705
Miami, FL 33132
Tel: (305) 479-2299
lloginov@shamisgentile.com

*Counsel for Plaintiff Wilkie*

John Herman
**HERMAN JONES, LLP**
3424 Peachtree Road Northeast, Suite 1650
Atlanta, Georgia 30326
Tel: (404) 504-6500
jherman@hermanjones.com

Mark S. Reich*
Tyler A. Litke*
Melissa G. Meyer*
**LEVI & KORSINSKY, LLP**
33 Whitehall Street, 27th Floor
New York, NY 10004

Tel: (212) 363-7500
mreich@zlk.com
tlitke@zlk.com
mmeyer@zlk.com

*Counsel for Plaintiff Jarmulowicz*

Scott C. Harris
(GA S.B. #101830)
**BRYSON HARRIS SUCIU & DEMAY, PLLC**
900 W. Morgan St.
Raleigh, NC 27603
Tel: 919-600-5003
sharris@brysonpllc.com

*Counsel for Plaintiffs Cantu and Parks*

Jonathan M. Streisfeld*
**KOPELOWITZ OSTROW P.A.**
1 W Las Olas Blvd, Suite 500
Ft. Lauderdale, FL 33301
Tel.: (954) 525-4100
streisfeld@kolawyers.com

*Counsel for Plaintiff Garr*

* *pro hac vice* application forthcoming

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 22, 2026, the foregoing was filed electronically using the Court's CM/ECF system, which will provide notice to all counsel of record.

*/s/: Casondra Turner*
Casondra Turner